UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:19-CR-00003-TBR

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

BOBBY MARTIN WARD                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Bobby Ward's Motion for Compassionate Release in Light of COVID-19 and Motion for Home Incarceration. [DN 29]. The Government filed an initial response on September 2, 2020, [DN 30], and filed a supplemental response on January 7, 2021, [DN 38]. Ward did not reply. This matter is ripe for adjudication. For the reasons stated herein, Ward's Motion for Compassionate Release and Motion for Home Incarceration, [DN 29], is DENIED.

## BACKGROUND

Ward sold methamphetamine and a firearm to a confidential informant over the course of three controlled transaction between January 4, 2018 and February 19, 2018. [DN 30 at 1–2]. Ward was arrested on February 19, 2019 and pled guilty to two Counts of distribution of methamphetamine and one Count of felon in possession of a firearm on July 31, 2019. [DN 18]. Subsequently, on November 18, 2019, this Court sentenced Ward to a 180-month term of imprisonment and eight years of supervised release. [DN 26]. Currently, Ward has served approximately 22 months of his 180-month sentence. [*Id*; DN 38 at 1]. In the instant Motion, Ward argues that the presence of COVID-19 at FCI Manchester and his underlying medical conditions

(Type II Diabetes Mellitus and obesity) constitute "extraordinary and compelling reasons" under the First Step Act that warrant his release. [DN 29].

## LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "Under the [First Step Act], courts are now permitted to 'consider motions by defendants for compassionate release without a motion' by the BOP Director so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Logan*, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020).

Before granting a compassionate release motion, a district court shall engage in a "three-step inquiry:" the court must "find" that (1) extraordinary and compelling reasons warrant a sentence reduction; (2) ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) consider all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)); *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020)).

Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

Notably, however, the United States Court of Appeals for the Sixth Circuit recently concluded that because "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)). Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a useful starting

point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

## DISCUSSION

### I. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, --- F.Supp.3d. ----, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long

as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On August 24, 2020, the Warden denied Ward's request for Compassionate Release Based on Medical Circumstances and ruled that he did not meet the criteria for compassionate release or a reduction in sentence. [DN 29-1 at 1]. Thus, Ward has properly exhausted his administrative remedies under the First Step Act.

## II. Extraordinary and Compelling Reasons

Where, as here, an incarcerated person files a motion for compassionate release directly, the district judge may skip step two of the § 3582(c)(1)(A) inquiry and has full discretion to define and determine whether an "extraordinary and compelling" reasons exists on his own initiative, without consulting the policy statement § 1B1.13. *Elias*, No. 20-3654, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1111). Here, the Court finds that the risk posed to Ward from his Type II Diabetes compounded by the presence of COVID-19 at FCI Manchester constitute such a reason, but ultimately compassionate release is not warranted under 18 U.S.C. § 3553(a).

In support of his motion, Ward argues that his Type II Diabetes, the presence of COVID-19 at FCI Manchester, insufficient medical care, and the inability to properly social distance and sanitize while incarcerated are extraordinary and compelling reasons that warrant his release. [DN 29 at 3]. In their supplemental brief, the Government concedes the first step of the § 3582(c)(1)(A) test. [*See* DN 38]. Citing CDC guidelines, Government agreed that "during [the] COVID-19 pandemic, the Defendant's Type II Diabetes presents a 'serious physical or medical condition . . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover,' U.S.S.G. § 1B1.13 cmt.

n.1(A)(ii)(I), in that the Defendant's ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished by this chronic medical condition and sets forth an 'extraordinary and compelling' reason for purposes of 18 U.S.C. § 3582(c)." [DN 38 at 9].

Ward's BOP medical records confirm that he is a 46-year-old African American male who suffers from Type II Diabetes Mellitus. [*See* DN 32-2]. The Centers for Disease Control has stated that those with diabetes are at an increased risk of severe illness from COVID-19.[1] Ward's medical records also show that he is "obese" according to the CDC guidelines. [DN 32-2 at 16–17]. His most recent records list him as approximately six feet tall weighing 257 pounds—which is 68 pounds over the recommended weight range of 140–189 pounds—resulting in a body mass index (BMI) of 33.9 kg/m2.[2] [*Id.*] The CDC's guidelines advise that individuals who are obese (BMI of 30 or above) are among those with the "strongest and most consistent evidence" of severe illness from COVID-19.[3] Though Ward has not tested positive for the virus and his diabetes is being managed, research and guidance from the CDC indicate that Defendant is at a greater risk due to his condition.

Currently, Ward is housed at FCI Manchester, in Manchester, KY. As of January 14, 2021, FCI Manchester had 993 total inmates (914 at FCI and 79 at the Camp).[4] There were 145 inmates and 33 staff members with confirmed active cases of COVID-19.[5] The BOP reports that no inmates have died and 415 have recovered. Ward has yet to test positive for the coronavirus. Even though

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?CDC_AA_refVal=https% 3A% 2F% 2Fwww.cdc.gov% 2Fcoronavirus% 2F2019-ncov% 2Fspecific-groups% 2Fhigh-risk-complications.html.
[2] *CDC Adult BMI Calculator*, CDC, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html.
[3] *Scientific Evidence for Conditions that Increase Risk of Severe Illness*, CDC (Nov. 2, 2020), https://bit.ly/34aDRY6.
[4] https://www.bop.gov/coronavirus/ (accessed by the Court on Jan. 13, 2021).
[5] *See id.*

there are positive cases at FCI Manchester, there is no uncontrolled outbreak. Further, Ward's medical records show that the BOP has made significant efforts to provide meaningful medical care, and FCI Manchester is equipped to meet his medical needs. [*See generally* DN 32].

As previously mentioned, the Government conceded that during the COVID-19 pandemic, Ward's Type II Diabetes presents an "extraordinary and compelling" reason for purposes of 18 U.S.C § 3582(c). [DN 38 at 9]. Based on relevant CDC guidelines and a review of Ward's medical history, the Court agrees that the presence of COVID-19 at FCI Manchester and Ward's Type II Diabetes put him at an increased risk of severe illness from COVID-19. The Court finds that this constitutes an "extraordinary and compelling" reason for purposes of § 3582(c). However, considering the totality of Ward's circumstances, the Court finds that compassionate release is not appropriate under 18 U.S.C. § 3553(a).

### III. 18 U.S.C. § 3553(a) Factors

Even when a defendant is statutorily eligible for a sentence reduction based on an "extraordinary and compelling reason," compassionate release is not necessarily appropriate. The Court must weigh the sentencing factors in 18 U.S.C. § 3553(a) to determine whether Defendant's sentence should be reduced. *Willis*, 382 F.Supp.3d at 1188. Pursuant to § 3553(a), a court imposing a sentence shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and

> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
>
> (5) any pertinent policy statement . . . by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. Here, "the nature and circumstances" of Ward's crimes weigh against relief. Ward was sentenced to 180 months imprisonment for crimes involving the distribution of methamphetamine and the possession of a firearm by a convicted felon. [DN 26]. Notably, Ward had three prior convictions for drug trafficking offenses at the time he committed the instant offense. [*Id*; DN 38 at 9]. Thus, he was sentenced as an armed career offender. Currently, Ward has served approximately 22 months of his 180-month sentence. Accordingly, the Court finds that Ward's pre-confinement "history and characteristics" do not support relief; and reducing his sentence to home incarceration would minimize the nature and seriousness of the offense and would fail to afford adequate deterrence to criminal conduct.

The Court recognizes the severity of the novel coronavirus and its increasing risk in the United States. There is no doubt that the dangers of COVID-19 are exacerbated by the prison environment. *United States v. Herring*, No. 6:14-cr-00008-GFVT-CJS, 2020 WL 6886256, at *4

(E.D. Ky. Nov. 24, 2020). However, even though Ward presented "extraordinary and compelling" reasons for a sentence reduction, the Court cannot find that compassionate release would be appropriate in this case. Granting Ward compassionate release and placing him on home incarceration when he has only served 22 months of a fifteen-year sentence would lead to unwarranted sentence disparities would be unjust in light of the serious nature of his crimes. Therefore, Ward's Motion for Compassionate Release and Motion for Home Incarceration, [DN 29], must be **DENIED**.

## CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Ward's Motion for Compassionate Release and Motion for Home Incarceration, [DN 29], is **DENIED**.

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

January 20, 2021

CC: Counsel of Record

**Bobby Martin Ward**
134490
HENDERSON COUNTY DETENTION CENTER
380 Borax Drive
Henderson, KY 42420
PRO SE