UNITED STATES OF AMERICA
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:19-CR-3-TBR

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.

BOBBY MARTIN WARD                                                           DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Bobby Martin Ward's *pro se* Motion to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255. [DN 34]. In a supplemental response to Ward's motion, the United States declares that due to the previous negotiated plea agreement and sentence being based on a mandatory minimum that does not apply, the United States concedes that "Ward has met his burden under 18 U.S.C. § 2255." [DN 43 at 310]. As such, the Government contends that Ward's Motion to Correct Sentence should be granted, Ward should be appointed counsel, and that further proceedings be scheduled so that the parties may discuss a corrected sentence. [*Id.*] The Court agrees with the parties' assertions. Accordingly, for the reasons stated herein, the Defendant's *pro se* Motion to Vacate, [DN 34], is **GRANTED** and the Court shall appoint Attorney David Bundrick to represent Defendant Ward in this matter.

### BACKGROUND

On July 31, 2019, Bobby Ward pled guilty to all four charges included in his Indictment in exchange for a Rule 11(c)(1)(C) plea agreement. [DN 18 (Plea Agreement)]. The Indictment put Ward on notice of a potential enhanced sentence under the Armed Career Criminal Act, pursuant to 18 U.S.C. § 924(e). The four counts to which Ward pled guilty were Count 1-Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), Count 2-Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii),

Count 3-Use/Carry a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A), and Count 4-Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). [*Id*; DN 43 at 302]. The parties agreed that a sentence of 180 months imprisonment was the appropriate disposition of the case. [DN 18 at 37; DN 43 at 303].

Upon review of the presentence investigative report and after consultation with probation, the parties learned that Count 3 carried a mandatory 60 months consecutive sentence that would also run consecutively to the 180-month mandatory minimum sentence. As such, the United States agreed to dismiss Count 3 at sentencing and the Court determined that Ward's base offense level became 34 pursuant to USSG § 4B1.4(b)(3)(A), for a total offense level 31 (with 3 level reduction for acceptance of responsibility). Also, because of the dismissal of Count 3, Ward's criminal history category rose to a VI under USSG § 4B1.4(c)(2) for a total recommended guideline range of 188–235 months. [DN 43 at 303; DN 27 at 130].

In its response, the United States explained that the base offense level and criminal history category rose after the dismissal of Count 3 due to the applicability of the firearm. [DN 43 at 303-304]. When a 924(c) is charged, the Guidelines do not allow for that particular firearm to be used as a specific offense characteristic within the individual chapters, essentially preventing the double counting of a single firearm. *Id*; *see* USSG § 2D1.1(b)(1). Thus, when Count 3 was dismissed, the firearm could then be used to enhance Ward's base offense level. [*Id.* at 304]. The United States further explained that Ward's criminal history category rose from an IV to a VI due to the applicability of USSG § 4B1.4(b)(3) and (c)(2); and with the dismissal of the 924(c) the possession of the firearm could now be considered with the Armed Career Criminal guideline. *Id.*

Subsequently the Court sentenced Ward to the recommended 180-month term of imprisonment—which is what the parties believed to be the mandatory minimum sentence at the

time. [DN 26; DN 43 at 304]. On October 26, 2020, Ward filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. In his motion, Ward asks the Court to set aside or vacate his sentence based on ineffective assistance of counsel. Ward contends that his counsel was ineffective for failing to investigate details related to his prior convictions and over-estimated his sentencing guidelines. [DN 34 at 239]. In its supplemental response, the United States concedes that upon review of Ward's prior convictions, only two of his three prior convictions are "serious drug offenses" pursuant to 18 U.S.C. § 942(e)(2), therefore USSG § 4B1.4 is no longer applicable and Ward cannot be classified or sentenced as an Armed Career Criminal. [DN 43].

## DISCUSSION

In order to be classified or convicted as an Armed Career Criminal under 18 U.S.C. § 924(e), Ward must have had "three previous convictions . . . for a serious drug offense . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The term 'serious drug offense' is defined as "an offense under state law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A). In its response, the United States provides a detailed review of Ward's three prior convictions explaining that only two of the three are 'serious drug offenses.' Ward's two prior 'serious drug offenses' are as follows:

> On or about November 12, 1996, in Henry County Circuit Court, Henry County, Tennessee, in Case Number 12400, Ward was convicted of the offense of Possession of a Controlled Substance, greater than .5 grams of Cocaine, with intent to distribute, a felony;
>
> On or about November 14, 2005, in Henry County Circuit Court, Henry County, Tennessee, in Case Number 13893, Ward, was convicted of the offense of Possession of a Controlled Substance, greater than .5 grams of Cocaine, with intent to distribute, a felony.

[DN 43 at 305–06].

Pursuant to Tennessee law, such convictions are class B felony offenses that carry a potential penalty from 8–30 years in prison. *Id.* at 306; *see* Tenn. Code Ann. § 39-17-417(a)(4) and (c)(1); *see also* Tenn. Code Ann. § 40-35-111(b)(2). The United States notes that Tennessee employs a sentencing range model in which it sets out penalty ranges within the overall felony classification. *Id*; *see* Tenn. Code Ann. § 40-35-112. Under this model, a class B felony conviction for even the lowest range offender carries a possible penalty from 8–12 years in prison. *Id*; *see* Tenn. Code Ann. § 40-35-112(a)(2). Therefore, the United States asserts that Ward's two class B felony convictions are 'serious drug offenses' within the meaning of the Armed Career Criminal Act because they carry a maximum sentence of at least 10 years. *Id.* Upon review, the Court agrees with this determination and finds that Ward's two prior Tennessee class B felony convictions were for 'serious drug offenses' and were committed on occasions different from one another. *See* 18 U.S.C. § 924(e)(1).

Ward's third prior conviction—the only other predicate used to enhance his sentence—is as follows:

> On or about October 6, 2005, in Davidson County Circuit Court, Davidson County, Tennessee, in Case Number 2005-A-618, Ward, was convicted of the offense of Possession of a Controlled Substance, less than .5 grams of Cocaine, with intent to distribute, a felony.

[DN 43 at 306]. Pursuant to Tennessee law, such a conviction is a class C felony and carries a potential penalty from 3–15 years in prison. *Id*; *see* Tenn. Code Ann. § 39017-417(a)(4) and (c)(2)(A); *see also* Tenn. Code Ann. § 40-35-111(b)(3). Even though this conviction appears to qualify as a 'serious drug offense' with at least a 10-year potential maximum sentence, as discussed above, Tennessee sentences offenders based on their range within the overall felony classification. *Id*; *see* Tenn. Code Ann. § 40-35-112. A class C felony for a range I offender carries a potential penalty of 3–6 years. *Id.* A class C felony for a range II offender carries a potential penalty of 6–

10 years. *Id.* Here, Ward's conviction documents show that he was sentenced to 4 years on a C felony as a range I offender. [DN 43-1 at 318]. As a range I offender facing a C felony, Ward could have only been sentenced to a maximum of 6 years in prison. Therefore, the United States concedes that this conviction falls short of a 'serious drug offense' for an Armed Career Criminal. [DN 43 at 308]. As such, because only two of Ward's three prior convictions are for 'serious drug offenses,' Ward cannot be classified or sentenced as an Armed Career Criminal. *Id.* Upon review, the Court agrees with this determination and finds that USSG § 4B1.4 is no longer applicable, and Ward is not subject to an enhanced sentence under 18 U.S.C. § 924(e).

## CONCLUSION

Accordingly, for the reasons stated herein, **IT IS HEREBY ORDERED** that Defendant Bobby Ward's Motion to Vacate, [DN 34], is **GRANTED**. <u>It is further ordered that pursuant to the Criminal Justice Act, the **Court appoints Attorney David Bundrick to represent Defendant** Bobby Martin Ward in this matter as of 4/23/2021</u>**.**

IT IS SO ORDERED.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

April 28, 2021

CC: Counsel of Record